Teresa C. Chow (SBN 237694)
*tchow@bakerlaw.com*
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone:  310.820.8800
Facsimile:  310.820.8859

Attorneys for Defendant
AMERICAN FINANCIAL RESOURCES, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWINA PARRAS and ROBERT PARRAS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN FINANCIAL RESOURCES, INC.,<br><br>Defendant. | Case No.: 4;22-cv-002659<br><br>[Alameda County Superior Court Case No. 22CV009276]<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>**[***Filed Concurrently with Civil Case Cover Sheet; Notice of Pendency of Other Action; Certification of Interested Entities or Persons; and Request for Judicial Notice*]<br><br>Action Filed:       April 1, 2022<br>Action Removed:  May 3, 2022 |

**TO THE HONORABLE COURT, AND TO PLIANTIFFS AND THEIR COUNSEL OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that Defendant AMERICAN FINANCIAL RESOURCES, INC. ("Defendant" or "AFR"), by and through its undersigned counsel, hereby removes the above-captioned action from the Superior Court of the State of California in and for the County of Alameda (the "State Court") to this Court on the grounds of original jurisdiction based on the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), and on all other grounds for jurisdiction to the extent applicable. In support of its Notice of Removal, and in accordance with 28 U.S.C. § 1446, Defendant avers as follows:

## STATUS OF THE PLEADINGS AND PROCESS

1. On April 1, 2022, Plaintiffs EDWINA PARRAS and ROBERT PARRAS (collectively, "Plaintiffs") filed a putative Class Action Complaint (the "Complaint") against Defendant in the State Court, styled as *Edwina Parras and Robert Parras, individually and on behalf of all others similarly situated v. American Financial Resources, Inc.*, Case No. 22CV009276 (the "State Court Action"). A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2. Plaintiffs' Complaint alleges three causes of action for: (1) Violations of the California Consumer Privacy Act of 2018, Cal. Civ. Code §§ 1798.100, *et seq.* (the "CCPA"); (2) Violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), based on Defendant's alleged violations of the CCPA; and (3) breach of contract.

3. By letter dated March 31, 2022, Plaintiffs served upon Defendant via Certified Mail a CCPA demand, which included as an enclosure the Complaint in the State Court Action. Defendant received the letter and Complaint on approximately April 8, 2022. True and correct copies of the CCPA demand letter and enclosed Complaint served upon Defendant, and the State Court Action case file are attached hereto as the Exhibits identified below:

| Exhibit | Document |
|---------|----------|
| A | CCPA demand letter, with unfiled Complaint enclosed |
| B | Summons |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

  **C**  Complaint

  **D**  Civil Case Cover Sheet

  **E**  Notice of Case Management Conference

4. Defendant is informed and believes that the aforementioned documents and exhibits constitute all of the process, pleadings, and orders on file in the State Court Action.

## **REMOVAL JURISDICTION – CAFA JURISDICTION**

**A. Statement of Jurisdiction**

5. Defendant avers that this Court has original subject matter jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"). *See* 28 U.S.C. § 1332(d)(2). CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a putative class of plaintiffs is a citizen of a state different from any defendant, the matter in controversy exceeds $5 million exclusive of interest and costs, and the number of members of all proposed plaintiff classes in the aggregate is at least 100 class members. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions under 28 U.S.C. § 1446.

6. There is no presumption against removal under CAFA. *See, e.g.*, *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court."). To the contrary, "CAFA's 'provisions should be read broadly, with a strong preference that interstate class actions should be heard in federal court if properly removed by any defendant.'" *Id.* at 554 (quoting S. Rep. No. 109-14, p. 43 (2005)).

7. This Court has jurisdiction over this case under CAFA, and this case may be removed pursuant to 28 U.S.C. § 1441(a), because: (1) the proposed class contains more than 100 members; (2) Defendant is not a state, state official, or other governmental entity; (3) the total amount in controversy for all class members exceeds $5,000,000; and (4) there is diversity of citizenship between at least one class member and Defendant.

8. Removal to this Court is proper because the action was filed and is pending in the Superior Court of the State of California in and for Alameda County, which is within this judicial district. 28 U.S.C. §§ 128(b), 1446(a); *see also* Civil L.R. 3-2.

9. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

**B.  THIS ACTION IS A CLASS ACTION UNDER CAFA**

10. Pursuant to Section 4 of CAFA, 28 U.S.C. § 1332(d)(2):

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which —
>
> (A)  any member of a class of plaintiffs is a citizen of a State different from any defendant; ….

11. CAFA defines a "class action" to include civil actions filed under state statutes or rules of procedure similar to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") that authorize an action to be brought by one or more representative persons as a class action. The Complaint alleges that "[t]his is a data breach class action" and that "Plaintiffs seek to represent and intend to seek certification of a class …." *See* Complaint (Exh. A), ¶¶ 1, 48; *see also id.* at 12:10 ("Class Action Allegations"); *id.* at 19:15-20 (seeking certification of "this action … as a class action," appointment of class counsel, and designation of Plaintiffs as representatives of the class). Therefore, this action is a "class action" under CAFA.

**C.  MINIMUM DIVERSITY OF CITIZENSHIP EXISTS**

12. Minimum diversity exists pursuant to 28 U.S.C. § 1332(d)(2)(A).

13. **Plaintiffs' Citizenship.** The Complaint alleges that, at all relevant times, Plaintiffs resided in Alameda County, California. Complaint, ¶ 11. Further, Defendant is informed and believes that Plaintiffs currently reside in and intend to indefinitely remain living continuously in the State of California. As such, Defendant is informed and believes that Plaintiffs are both citizens of the State of California for purposes of CAFA. *See* 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled); *Lew v. Moss*, 797 F.2d 747, 751-52 (9th Cir. 1986) (party domiciled in state of party's address); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514,

520 (10th Cir. 1994) (residence is *prima facie* evidence of domicile for purposes of determining citizenship).[1]

14. **Defendant's Citizenship.** As Plaintiffs allege, Defendant "is a corporation organized under the laws of the state of New Jersey, with its principal place of business and/or headquarters located at 9 Sylvan Way, Parsippany, New Jersey 07054." Complaint, ¶ 13; *see also* URL at https://bizfileonline.sos.ca.gov/search/business (search for "American Financial Resources, Inc."). At its corporate headquarters in New Jersey, Defendant's officers direct, control, and coordinate its activities, and its executive and administrative functions are performed there. Thus, Defendant was not and is not a citizen of the State of California, but rather was and is a citizen of the State of New Jersey for the purpose of determining jurisdiction. *See* 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

15. Accordingly, Defendant is a citizen of New Jersey, while Plaintiffs are citizens of California. *See* 28 U.S.C. § 1332(d)(10). Thus, the minimum diversity requirement under CAFA is satisfied. 28 U.S.C. § 1332(d)(2) (providing that CAFA jurisdiction exists over any civil action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant").

**D.   THE AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION**

16. Defendant avers, based on the following calculations and authority, that the amount in controversy exceeds $5,000,000 only for the purpose of establishing subject matter jurisdiction under CAFA. Defendant's allegations and calculations are not admissions of liability or damages with respect to any aspect of this case, the proper legal test(s) applicable to Plaintiffs' allegations, or whether a class action is proper. *See LaCrosse v. Knight Truck and Trailer Sales, LLC*, 775 F.3d 1200, 1203 (9th Cir. 2015) ("'Even when defendants have persuaded a court upon a CAFA removal that the amount in controversy exceeds $5 million, they are still free to challenge the actual amount of damages in subsequent proceedings and trial.'") (quoting *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015)).

---

[1] *See also Mondragon v. Capital One Auto Fin.*, 776 F.3d 880, 885-86 (9th Cir. 2013) (holding that, in connection with removal to federal court, a person's continuing domicile in a state establishes citizenship "unless rebutted with sufficient evidence of change").

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

17. Consistent with Fed. R. Civ. P. 8(a), a removing defendant's notice of removal need only contain plausible allegations to demonstrate the amount in controversy. Evidentiary submissions are **not required** unless and until the removing defendant's allegations are contested by the plaintiff or questioned by the Court:

> In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.

*Dart Cherokee*, 574 U.S. at 89. This standard applies to complaints, **like the Complaint in this action**, that do not allege or seek a specific amount of damages:

> When plaintiffs favor state court and have prepared a complaint that does not assert the amount in controversy … the Supreme Court has said that a defendant can establish the amount in controversy by an unchallenged, plausible assertion of the amount in controversy in its notice of removal

*Ibarra*, 775 F.3d at 1197-98 (citing *Dart Cherokee*).

18. A plaintiff's complaint is a court's "first source of reference in determining the amount in controversy." *LaCrosse*, 775 F.3d at 1202 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) ("*St. Paul*")). Here, in determining the amount in controversy for purposes of removal, the ultimate inquiry is what amount is put "in controversy" by Plaintiffs' Complaint—not what a court or jury might later determine to be the actual amount of damages, if any. *See, e.g., Ibarra*, 775 F.3d at 1198 n.1 (defendants "are not stipulating to damages suffered" in a removal petition, "but only estimating the damages that are *in controversy*," because "jurisdiction must be analyzed on the basis of pleadings filed at the time of removal" (emph. added)); *St. Paul*, 303 U.S. at 291 ("the status of the case as disclosed by the complaint is controlling in the case of a removal"); *Scherer v. Equitable Life Assurance Soc'y of the United States,* 347 F.3d 394, 399 (2d Cir. 2003) (the "'amount in controversy' … for jurisdictional purposes, [is] the sum put in controversy by the plaintiff's complaint"); *see also, e.g., Wilder v. Bank of Am.*, 2014 WL 6896116, at *4 (C.D. Cal. Dec. 5, 2014) (determining amount in controversy requires the court to assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all

claims made in the complaint because the ultimate inquiry is what amount is put "in controversy" by the complaint, not what a defendant will actually owe).

19. Additionally, as recently confirmed by the Ninth Circuit, "the amount in controversy is not limited to damages incurred prior to removal … [r]ather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses *all relief a court **may grant on that complaint if the plaintiff is victorious***." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15, 417-18 (9th Cir. 2018) (emph. added). Accordingly, the amount in controversy properly includes all relief available to Plaintiffs through the end of trial.

20. Here, Plaintiffs purport to bring this action on behalf of themselves and the following putative class, collectively referred to as the "Class":

> All California residents whose [personally identifiable information ("PII")] was subjected to the Data Breach [as that term is defined in the Complaint].

Complaint, ¶ 48. Plaintiffs and the Class seek, among other things, actual and punitive damages, equitable relief, attorneys' fees and litigation expenses under Cal. Civ. Proc. Code § 1021.5 "and other applicable law," and statutory damages. *Id.*, ¶ 67 and at 19:21-28.

21. CAFA authorizes the removal of class actions in which, among the other factors mentioned above, the aggregate amount in controversy for all class members exceeds five million dollars ($5,000,000). *See* 28 U.S.C. § 1332(d). Here, the allegations in Plaintiffs' Complaint and the claimed statutory damages and fees exceed that jurisdictional minimum.

## SIZE OF PROPOSED CLASS

22. According to the Complaint, "[t]he Class members are so numerous … that joinder of all Class members would be impracticable." Complaint, ¶ 51. The Complaint further alleges that, "[w]hile the exact number of Class members is unknown, … based on information and belief, *the Class consists of tens of thousands of Defendant's customers*." *Id.* (emph. added). Consistent with Plaintiffs' allegations, Defendant currently estimates that approximately 15,000 California residents may have been impacted by the breach. Therefore, the aggregate membership of the proposed class is at least 100 as required under CAFA. *See* 28 U.S.C. § 1332(d)(5)(B).

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## AMOUNT IN CONTROVERSY

23. CAFA authorizes the removal of class actions in which, among the other factors mentioned above, Defendant avers that the aggregate amount in controversy for the types of damages sought for all of the PCMs exceeds $5,000,000, and, therefore the amount in controversy as sought in the Complaint exceeds that jurisdictional minimum. *See* 28 U.S.C. § 1332(d).

24. The claims of the individual PCMs in a "class action" are aggregated to determine if the amount in controversy exceeds the sum or value of $5 million. *See* 28 U.S.C. §§ 1332(d)(6), (11). In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff *or the viewpoint of the defendant*, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)." Senate Judiciary Committee Report, S. Rep. 109-14, at 42 (emph. added). Moreover, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in *favor* of federal jurisdiction.[2]

25. While the Complaint does not specify the amount of damages sought, as demonstrated below, the allegations in the Complaint make it more likely than not that the amount in controversy under CAFA exceeds $5,000,000.

### *First Cause Of Action: Violations of the CCPA*

26. In their Complaint, Plaintiffs allege that, "[o]n or about March 9, 2022, Defendant announced that an unauthorized party had gained access to its computer systems and certain [of its] files were accessed without authorization between December 6 to December 20, 2021 (the 'Data Breach')." Complaint, ¶ 2.

---

[2] *See* S. Rep. 109-14, at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case ... Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

27. In support of their First Cause of Action, Plaintiffs contend that Defendant violated the CCPA because "Plaintiffs' PII was subject to unauthorized access and exfiltration, theft, or disclosure because their PII, including names, Social Security numbers and/or Driver's License numbers, was wrongfully accessed and taken by unauthorized persons in the Data Breach." *Id.*, ¶ 65. They further allege that "[t]he Data Breach occurred as a result of Defendant's failure to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect Plaintiffs' and Class members' PII. Defendant failed to implement reasonable security procedures to prevent an attack on its servers by hackers and to prevent unauthorized access of Plaintiffs' and Class members' PII as a result of the Data Breach." *Id.*, ¶ 66.

28. Based on the Complaint's allegations, Plaintiffs, on behalf of themselves and the Class, "seek actual damages, equitable relief, including public injunctive relief, and declaratory relief, and any other relief as deemed appropriate by the Court." Complaint, ¶ 68. Moreover, "[i]f Defendant does not cure the [alleged CCPA] violation within 30 days, Plaintiffs will amend their complaint to pursue statutory damages as permitted by Civil Code § 1798.150(a)(1)(A)." *Id.*, ¶ 67.

29. The CCPA permits a plaintiff to "recover damages in an amount not less than one hundred dollars ($100) and not greater than seven hundred and fifty ($750) per consumer per incident *or* actual damages, whichever is greater." Cal. Civ. Code § 1798.150(a)(1)(A) (emph. added). The Complaint contains no allegations that would support or suggest the amount in actual damages to which Plaintiffs or any of the PCMs are allegedly entitled for alleged violations of the CCPA. Therefore, Defendant looks to the statutory damages permitted under the CCPA for purposes of calculating the amount in controversy on this claim.

30. "When a statutory maximum is provided, the Court may consider the maximum statutory penalty available to decide by a preponderance of the evidence whether the amount in controversy requirement has been satisfied." *Phan v. Sears, Roebuck & Co.*, 2016 WL 1408057, at *1 (C.D. Cal. Apr. 11, 2016); *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1205 (E.D. Cal. 2008) ("Where a statutory maximum is specified, courts may consider the maximum statutory penalty available in determining whether the jurisdictional amount in controversy requirement is met.") (citing *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000));

1  *see also Gonzalez v. Comenity Capital Bank*, 2019 WL 5304924, at *5 (E.D. Cal. Oct. 21, 2019)

2  ("[T]he maximum penalty specified in a statute is properly included in a jurisdictional amount-in-

3  controversy calculation where a plaintiff could reasonably recover such penalty."). Therefore,

4  Defendant calculates the amount in controversy on Plaintiffs' First Cause of Action to be at least

5  **$11,250,000.00** (15,000 PCMs x $750.00). *See Korn*, 536 F.Supp.2d at 1205-06; *see also Arias v.*

6  *Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) ("[T]he amount in controversy reflects

7  the *maximum* recovery the plaintiff could reasonably recover." (emph. in orig.)).

8      31. Because the amount in controversy on Plaintiffs' First Cause of Action exceeds the

9  total amount in controversy necessary for CAFA jurisdiction, Defendant does not include in this

10  Notice of Removal calculations of the amounts in controversy on Plaintiffs' Second and Third

11  Causes of Action for violations of the UCL and breach of contract, respectively. However, when

12  other economic damages and/or restitution sought under Plaintiffs' Second and Third Causes of

13  Action are combined with the amount in controversy on Plaintiffs' CCPA claim, the amount in

14  controversy would *further* exceed CAFA's $5,000,000 threshold.[3]

### *Statutory Attorneys' Fees*

16      32. Plaintiffs also seek statutory attorneys' fees under Cal. Civ. Proc. Code § 1021.5

17  ("Section 1021.5"). Complaint at 19:25-26.

18      33. In the Ninth Circuit, when attorneys' fees are authorized by statute, they are

19  appropriately part of the calculation of the "amount in controversy" for purposes of removal. *Fritsch*

20  *v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018); *Kroske v. U.S. Bank Corp.*,

21  432 F.3d 976, 980 (9th Cir. 2005); *see Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th

---

[3] In the event that Plaintiffs challenge this Court's jurisdiction under CAFA, Defendant expressly reserves and does not waive its right to supplement and/or amend this Notice of Removal or to proffer new calculations or evidence in support of the submissions in this Notice of Removal to rely on other, higher, reasonable assumptions and/or estimates in calculating the amount in controversy. *See, e.g., Jauregui v. Roadrunner Trans. Servs., Inc.*, 28 F.4th 989, 991 n.3 (9th Cir. 2022) ("The difference in Roadrunner's amount in controversy estimates [between removal and its opposition to remand] was thus not improper, but rather simply the result of Roadrunner appropriately responding to the new standard and new method for supporting its claim at a later point in the litigation.; *see also, e.g., Mendoza v. Nat'l Vision, Inc.*, 2019 WL 2929745, at *2 (ND. Cal. July 8, 2019) (Keulen, M.J.) (denying remand where defendant's opposition to a motion to remand set forth additional evidence and revised calculations, and included amount-in-controversy calculations on three claims that were not included in notice of removal).

Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). Moreover, "a court **must** include **future** attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch*, 899 F.3d at 794 (emph. added); *see also Chavez*, 888 F.3d at 414-15 ("[T]he amount in controversy is determined by the complaint operative at the time of removal and encompasses **all** relief a court may grant on that complaint if the plaintiff is victorious." (emph. added)).

34.  Where, as here, a common fund recovery is sought, the Ninth Circuit uses a benchmark rate of 25% of the total potential award as an estimate for attorneys' fees. *See*, *e.g.*, *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) ("This circuit has established 25% … as a benchmark award for attorney fees."); *Glass v. UBS Fin. Servs.*, 331 F. App'x 452, 457 (9th Cir. 2009) (finding 25% of total award, rather than 25% of amount actually collected by the class, "was proper, and in line with Ninth circuit precedent"); *see also Staton v. Bowing Co.*, 327 F.3d 938, 967 (9th Cir. 2003) ("'[A] litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole.'"). Thus, utilizing Defendant's calculation of the amount in controversy on Plaintiffs' First Cause of Action **only** and the 25% benchmark for attorneys' fees used in the Ninth Circuit, Defendant conservatively calculates the amount in controversy on Plaintiffs' statutory attorneys' fees request to be at least **$2,812,500.00** ($11,250,000 x 25%).

35.  However, this amount in controversy is in fact undercalculated because it does not account for **any** amount in controversy calculations, or any potential statutory attorneys' fees for the amounts in controversy, on Plaintiffs' Second and Third Causes of Action, which amounts have **not** been included in Defendant's amount in controversy calculations for purposes of this Notice of Removal (but which Defendant reserves the right to include in any calculations proffered in response to any challenge mounted by Plaintiffs to this Court's jurisdiction under CAFA).

### *Summary of Amount in Controversy*

36.     Based on the foregoing, and considering *only* the amount in controversy on Plaintiffs' First Cause of Action the statutory attorneys' fees requested thereon, the amount put in controversy by Plaintiffs' Complaint is not less than **$14,062,500.00** ($11,250,000.00 [statutory damages] + $2,812,500.00 [attorneys' fees]), which exceeds the CAFA jurisdictional threshold, before ever taking into account other forms of compensatory damages, restitution, or punitive damages, which adds even more to the total amount in controversy.[4]

37.     Defendant expressly reserves and does not waive its right to amend this Notice of Removal and/or offer evidence supporting the Court's jurisdiction over this action under CAFA or otherwise, including without limitation as to additional and/or different amounts in controversy (including but not limited to amounts in controversy on Plaintiffs' Second and Third Causes of Action and other categories of claimed damages) and as to traditional diversity. *See supra* n.3. Additionally, Defendant assumes that the proposed class is as defined by Plaintiffs in the Complaint for purposes of this Notice of Removal only, but expressly reserves and does not waive its position that the proposed class definition is improper and/or cannot be certified.

38.     In addition, nothing in this Notice of Removal is intended or should be construed as any type of express or implied admission by Defendant of any fact, of the validity or merits of any of Plaintiffs' claims, causes of action, or allegations, or of any liability for the same, all of which are hereby expressly denied, or as any type of express or implied waiver or limitation of Defendant's rights, claims, remedies, and defenses in connection with this action, all of which are hereby fully and expressly reserved.

---

[4] Notably, the amount in controversy is *under*calculated. In addition to the damages discussed above, Plaintiffs also request punitive damages and injunctive relief (among other forms of relief not calculated above) on behalf of themselves and the Class. Complaint at 19:21, 19:24. Such amounts are properly included in the amount in controversy – but are not included in Defendant's calculations in this Notice of Removal – and thus provide further evidence that the amount in controversy exceeds $5,000,000, as already established above. *See, e.g.*, *Gibson v. Chrysler Corp.*, 261 F.3d 927, 946 (9th Cir. 2001), *holding modified by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558, 571-72 (2005) (potential punitive damages may be considered for purposes of amount in controversy).

**NO CAFA EXCEPTIONS APPLY**

39. CAFA contains a number of exceptions to its grant of original jurisdiction, *see* 28 U.S.C. §§ 1332(d)(3)-(5), but none of these exceptions are applicable here.

40. The first is a discretionary exception based on the number of putative class members found in the state where the action was filed. *See* 28 U.S.C. § 1332(d)(3). However, the exception *only* applies where the "primary defendants are citizens of the State in which the action was originally filed." *See id.* Here, the action was originally filed in the Superior Court of the State of California and, as noted above, Defendant is not a citizen of California. Thus, this exception does not apply.

41. Similarly, 28 U.S.C. § 1332(d)(4) contains two further exceptions to CAFA's grant of original jurisdiction based on the number of putative class members in the state in which the action was filed. However, these exceptions also apply *only* where all primary defendants, or at least one defendant, is a "citizen of the State in which the action was originally filed." *See* 28 U.S.C. §§ 1332(d)(4)(A)(i)(II), 1332(d)(4)(B). Given that this action was originally filed in California, and Defendant is not a citizen of California, these exceptions also do not apply.

42. Finally, 28 U.S.C. § 1332(d)(5) presents two additional exceptions applicable to actions where defendants are government entities, or in which the putative class contains less than 100 members in the aggregate. *See* 28 U.S.C. §§ 1332(d)(5)(A)-(B). Given that Defendant is not a governmental entity, and Defendant's records establish that the putative class in fact *far exceeds* 100 members, these exceptions also do not apply.

**VENUE**

Based on the Complaint, Plaintiff alleges that the events allegedly giving rise to this action occurred within this judicial district. Defendant disagrees, as the events allegedly giving rise to this action took place in New Jersey. Nevertheless, should Plaintiff's allegations be accepted as true, removal to this Court is proper because Plaintiffs' action was filed in the Superior Court of California, County of Alameda Accordingly, Defendant is entitled to remove this action to the United States District Court for the Northern District of California. 28 U.S.C. § 1441(a).

Baker & Hostetler LLP
Attorneys at Law
Los Angeles

**TIMELINESS OF REMOVAL**

43. This removal is timely under CAFA and this case has not previously been removed to federal court. *See* 28 U.S.C. § 1446(b).

44. This action is being removed well-within 30 days of receipt of a copy of the Complaint as an enclosure to Plaintiffs' CCPA demand letter. Defendant is unaware if proper service of a Summons and Complaint, but Defendant is removing the case out of an abundance of caution. *See* 28 U.S.C. § 1446(b). In addition, and regardless, the Ninth Circuit has held and clarified that removal is timely under CAFA *at any time* so long as (1) the face of the complaint does not plainly allege all elements needed for traditional diversity (including the amount in controversy), and (2) the plaintiff has not served some other "paper" on the defendant that concedes *all* elements needed for traditional diversity. *See Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125-26 (9th Cir. 2013) (a removing defendant may remove "on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines" set forth in 28 U.S.C. § 1446(b)(1) and (b)(3); "a defendant's subjective knowledge cannot convert a non-removable action into a removable one such that the thirty-day time limit of § 1446(b)(1) or (b)(3) begins to run against the defendant").[5]

45. Here, the Complaint does not plainly allege all of the elements needed for traditional diversity under CAFA, and Plaintiffs have not served some other "paper" on Defendant that concedes all elements needed for such removal. Therefore, this removal is timely under CAFA.

**NOTICE TO PLAINTIFFS AND THE STATE COURT**

46. Contemporaneously with the filing of this Notice of Removal, written notice of such filing will be served on Plaintiffs' counsel of record as reflected in the attached Proof of Service. *See* 28 U.S.C. § 1446(d). In addition, a copy of this Notice of Removal will be filed with the Clerk

---

[5] *See also Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014) (reaffirming *Roth* holding) ("We also recently held in *Roth v. CHA Hollywood Medical Center, L.P.*, that the two 30-day periods are not the exclusive periods for removal…. In other words, as long as the complaint or 'an amended pleading, motion, order or other paper' does not reveal that the case is removable, the 30-day time period never starts to run and the defendant may remove at any time."); *Taylor v. Cox Commc'ns. California, LLC*, 673 F. App'x 734, 735 (9th Cir. 2016) ("We also hold that Defendants' second Notice of Removal was timely. 'A CAFA case may be removed [by a defendant] at any time, provided that neither of the two thirty-day periods under § 1446(b)(1) and (b)(3) has been triggered.'").

Baker & Hostetler LLP
Attorneys at Law
Los Angeles

1 of the State Court. *See id.*

2 **WHEREFORE**, Defendant respectfully requests that the above-captioned action now
3 pending in the State Court be removed to this United States District Court.

4 DATED: May 3, 2022  Respectfully submitted,

6 **BAKER & HOSTETLER LLP**

8 By: */s/Teresa C. Chow*
     Teresa C. Chow

9 Attorneys for Defendant
  AMERICAN FINANCIAL RESOURCES, INC.

# PROOF OF SERVICE

*Edwin Parras, et al. v. American Financial Resources, Inc.*
USDC Northern District Case No. 4:22-cv-002659

I, Nancy L. Brazil, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11601 Wilshire Boulevard , Suite 1400, Los Angeles, CA 90025-0509. On May 3, 2022, I served a copy of the within document(s):

**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION**

☑ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☑ by transmitting via e-mail or electronic transmission the document(s) listed above to the e-mail address(es) set forth below on this date before 5:00 p.m. and the transmission was reported as complete and without error.

| | |
|---|---|
| Abbas Kazerounian, Esq.<br>Mona Amini, Esq.<br>**KAZEROUNI LAW GROUP, APC**<br>245 Fischer Avenue, Unit D1<br>Costa Mesa, CA 92626<br>Telephone:   (800) 400-6808<br>Facsimile:    (800) 520-5523<br>E-Mail:         ak@kazlg.com<br>                    mona@kazlg.com | *Attorneys for Plaintiffs*<br>EDWINA PARRAS and ROBERT PARRAS and the putative class |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. Executed on May 3, 2022, at Los Angeles, California.

_____
Nancy L. Brazil